UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| RAHIM SHAMASH, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:17-cv-00251 |
| AMERICO FINANCIAL LIFE AND ANNUITY INSURANCE COMPANY, INVESTORS LIFE INSURANCE COMPANY OF NORTH AMERICA, and AMERICO LIFE, INC., | ) ) ) ) ) ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Defendants Americo Financial Life and Annuity Insurance Company ("AFL"), Investors Life Insurance Company of North America ("ILINA"), and Americo Life, Inc. ("ALI") (collectively, "Defendants") hereby remove this action from the Circuit Court of Jackson County, Missouri pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453(b), 1711-1715. In support of removal, Defendants state the following:

### THE STATE COURT ACTION

1. Plaintiff, Rahim Shamash, initiated this putative class action by filing a "Class Action Petition" in the Circuit Court of Jackson County, Missouri on February 17, 2017. This action was pending in state court as Case No. 1716-CV04286.

**NOTICE OF REMOVAL - Page 1 of 9**

27283272v1

2. According to his petition, Plaintiff was once the holder and owner of a flexible premium adjustable life insurance policy issued by ILINA. *See* Class Action Pet. ¶ 12.[1] He asserts several state common law claims against Defendants based on allegations that ILINA deducted cost-of-insurance ("COI") charges and expense charges from his policy's cash value in excess of those allowed by the policy. He seeks compensatory, punitive, and treble damages; pre-judgment and post-judgment interest; attorney's fees, costs; and "such other legal and equitable relief as the Court deems proper" on behalf of himself and a putative nationwide class of:

> All persons who own or owned a life insurance policy issued or administered by Defendants, or their predecessors in interest, the terms of which provide or provided for: 1) a cost of insurance charge or deduction, which is calculated using a rate that is determined based on the insured's sex, age, premium class, and Defendants' expectations as to future mortality; 2) additional but separate policy charges, deductions, or expenses; 3) an investment, interest-bearing, or savings component; and 4) a death benefit.

*Id.* ¶ 5.

3. Plaintiff also seeks damages under the Connecticut's statutory theft statute on behalf of a subclass of all persons who purchased their policies in Connecticut. *Id.* ¶¶ 49, 82-85.

**REMOVAL IS TIMELY**

4. Plaintiff served summons and complaint on AFL, ILINA, and ALI on March 7, 2017. Removal is timely because this notice was filed within thirty days after Defendants were first served with a copy of the summons and complaint. *See* 28 U.S.C. §§ 1453(b), 1446(b)(1); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (holding that the removal deadline is triggered by formal service of process).

---

[1] All of the documents filed in the state court action, including Plaintiff's petition, are attached hereto as Exhibit 1 and are ECF No. 1-1.

**NOTICE OF REMOVAL - Page 2 of 9**

27283272v1

## SUBJECT MATTER JURISDICTION EXISTS

5. This Court has federal subject matter jurisdiction pursuant to CAFA, which vests federal district courts with original jurisdiction over civil actions filed on behalf of a class involving 100 or more proposed class members in which the aggregate amount in controversy exceeds the sum or value of $5 million and at least one plaintiff is diverse from one defendant. *See* 28 U.S.C. §§ 1332(d), 1453; *Raskas v. Johnson & Johnson*, 719 F.3d 884, 887 (8th Cir. 2013) (describing the requirements for removal jurisdiction under CAFA). CAFA was intended to substantially expand federal court jurisdiction over class actions. *See Westerfield v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010). Consequently, "[i]ts provisions should be read broadly, with a strong preference that interstate class actions be heard in federal court if properly removed . . . ." *Id.* (internal quotation marks omitted) (quoting CAFA's legislative history).

6. All of the prerequisites for CAFA jurisdiction are met here.

7. First, Plaintiff filed this action pursuant to Missouri Rule of Civil Procedure 52.08, which, like Fed. R. Civ. P. 23, allows "[o]ne or more members of a class" to sue as a representative "on behalf of all" members similarly situated. There is no dispute that the number of members in Plaintiff's proposed classes exceeds 100. Plaintiff purports to sue on behalf of a class of:

> All persons who own or owned a life insurance policy issued or administered by Defendants, or their predecessors in interest, the terms of which provide or provided for: 1) a cost of insurance charge or deduction, which is calculated using a rate that is determined based on the insured's sex, age, premium class, and Defendants' expectations as to future mortality; 2) additional but separate policy charges, deductions, or expenses; 3) an investment, interest-bearing, or savings component; and 4) a death benefit.

*See* Class Action Pet. ¶ 48. Plaintiff admits that "*[t]he persons within the Class and the Connecticut Subclass number in at least the hundreds and most likely the thousands*." Class

**NOTICE OF REMOVAL - Page 3 of 9**

Action Pet. ¶ 51. Indeed, based on records of in-force policies and policies terminated since 1999, ILINA, alone has issued 54,194 universal life policies that arguably fit within Plaintiff's class definition. *See* Declaration of Mitch Dougan ("Dougan Decl.") ¶ 4.[2]

8. Second, at least one Plaintiff in the putative class is diverse from one defendant. Plaintiff alleges that he is a resident of the State of Connecticut. *See* Class Action Pet. ¶ 6. None of Defendants is a citizen of Connecticut. Both AFL and ILINA are incorporated in Texas and have their principal place of business in Kansas City, Jackson County, Missouri. *See* Class Action Pet. ¶¶ 7, 9. Consequently, AFL and ILINA are citizens of Texas and Missouri. *See* 28 U.S.C. § 1332(c)(1).[3] ALI is a Missouri corporation whose principal place of business is also Kansas City, Jackson County, Missouri—meaning ALI, too, is a Missouri citizen diverse from Plaintiff. *See id.* ¶ 8.

9. Finally, the aggregate amount in controversy exceeds the sum or value of $5 million. When determining the amount in controversy for purposes of removal, "the question is not whether the [plaintiff's] damages *are* greater than the requisite amount," but instead "whether a fact finder *might* legally conclude that they are." *Raskas*, 719 F.3d at 887 (internal quotation marks omitted). Here, Plaintiff alleges that Defendants computed the COI charges deducted from his policy by using factors not allowed by the policy, and that he and the class have been damaged by the amount of the unauthorized COI charges. *See* Class Action Pet. ¶¶ 39-42. In the last five years alone, ILINA has deducted more than $91 million in COI charges

---

[2] The Dougan Declaration is attached hereto as Exhibit 2 and is ECF No. 1-2.

[3] Although a case removable based solely on diversity of citizenship may not be removed if any defendant is a citizen of the state where the action was filed, 28 U.S.C. § 1441(b)(2), the "forum-defendant" rule does not apply to cases removed under CAFA. *See id.* § 1453(b).

**NOTICE OF REMOVAL - Page 4 of 9**

27283272v1

from the cash values of its universal life policies. Dougan Decl. ¶¶ 5-6.[4] Plaintiff's petition purports to seek relief even further back than five years. A fact finder might legally conclude that more than $5 million is in controversy simply due to the number of potential class members and the total amount of COI charges deducted during the class period. *See Raskas*, 719 F.3d at 887-88 (holding that Defendants satisfied burden to show that more than $5 million was in controversy by presenting evidence that the total amount of defective product sold was more than $30 million and plaintiff was seeking punitive damages).

10. The amount in controversy is also satisfied because Plaintiff seeks not only compensatory damages, but punitive damages, treble damages, and attorney's fees as well. *See* Class Action Pet. at 18. District courts in Missouri have repeatedly found that the amount in controversy exceeds CAFA's threshold even when potential compensatory damages total far *less* than $5 million—simply because of the potential for a large punitive damage award. *See Brown v. City Chevrolet*, 2009 WL 3485833, at *1 (W.D. Mo. Oct. 28, 2009) (finding that amount in controversy was satisfied even though aggregate compensatory damages totaled only $1 million because a fact finder could legally award $4 million in punitive damages); *Kates v. Chad Franklin Nat'l Auto Sales N., LLC*, 2008 WL 3065009, at *2 n.5 (W.D. Mo. July 30, 2008) ("The Court can easily imagine how $900,000 in actual damages combined with punitive damages and attorney's fees could exceed the jurisdictional threshold" of CAFA); *Bass v. Carma Auto Superstores, Inc.*, 2008 WL 441962 (W.D. Mo. Feb. 14, 2008) (finding that amount in controversy was satisfied where potential compensatory damages were $658,431 because jury could legally award punitive damages of 6.7 times actual damages). Here, a fact finder could

---

[4] Although Defendants deny all liability, they provide these numbers merely to show that the amount Plaintiff has put in controversy exceeds the jurisdictional threshold required by CAFA. Defendants do not concede that these numbers reflect the class members' actual damages.

**NOTICE OF REMOVAL - Page 5 of 9**

27283272v1

legally conclude that total potential compensatory damages exceed $5 million, *and* Plaintiff seeks punitive and treble damages.

11. The amount in controversy inquiry in this case is similar to *Raskas*, where the Eighth Circuit determined that the CAFA amount in controversy was met. In *Raskas*, the plaintiffs sued several medication manufacturers for allegedly deceiving consumers into throwing away medication after the expiration date, even though the medications remained safe for use. *See* 719 F.3d at 886. To support removal under CAFA, the defendants offered the total sales figures of the medications at issue as an estimate of the amount in controversy. *See id.* at 887-88. Although the plaintiffs argued that such a figure was overinclusive because they were only attempting to recover damages for medications that were discarded and replaced due to the Defendants' practices, the Eighth Circuit found that the defendants had nonetheless carried their burden, stating:

> In the current case, each defendant's affidavit detailing the total sales of their respective medications in Missouri meets the amount in controversy requirement. First, defendant Pfizer produced an affidavit stating that sales from the relevant Advil products were over $14 million. Next, defendants Johnson & Johnson and McNeil–PPC produced an affidavit stating their total sales of Tylenol Cold Multi–Symptom as $3.3 million. When considering the total sales in conjunction with the request for punitive damages the amount in controversy requirement is met. Finally, defendant Bayer provided an affidavit stating that its sales from certain Bayer Aspirin products were over $19 million. All of these sales figures are sufficient to establish the amount in controversy requirement by a preponderance of the evidence.

*Id.* (citations omitted). Other circuits have likewise found that a defendant can meet its burden to show the amount in controversy by presenting evidence of total potential damages, even when Plaintiff's actual damages may only be a subset of the total. *See Spivey v. Vertrue, Inc.*, 528 F.3d 982, 983 (7th Cir. 2008) (finding that amount in controversy exceeded CAFA threshold where total credit card charges during the class period exceeded $7 million, even not all charges might

have been unauthorized); *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400-02 (9th Cir. 2010) (same).

12. Finally, in the last year, Plaintiff's counsel has filed several universal life class actions alleging virtually cooker-cutter allegations against other life insurers and has acknowledged that the amount in controversy of these types of claims exceeds of $5 million. *See, e.g.*, Class Action Compl. ¶ 9, *Glover v. Conn. General Life Ins. Co.*, 3:16-CV-00827 (D. Conn. filed May 27, 2016); Class Action Compl. ¶ 8, *Taylor v. Midland Nat'l Life Ins. Co.*, No. 4:16-CV-00140 (S.D. Iowa filed Apr. 28, 2016).

## **THE PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED**

13. Removal to this Court is proper because this is the federal district and division embracing the state court where this action is pending. 28 U.S.C. § 1441(a).

14. As required by 28 U.S.C. § 1446(a), Defendants have attached a copy of the summons and complaint and all attachments thereto to this Notice of Removal as Exhibit 1, ECF No. 1-1. These documents constitute all of the process, pleadings, and order served on Defendants in the state court action.

15. Defendants are filing a copy of this Notice of Removal with the clerk of the Circuit Court of Jackson County, Missouri contemporaneously with the filing in this Court, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendants pray that the Court exercise jurisdiction over this action as allowed by law.

Dated: April 5, 2017    Respectfully submitted,

/s/ *Richard N. Bien*
Richard N. Bien (31398)
LATHROP & GAGE, LLP
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108
T: (816) 292-2000
F: (816) 292-2001
rbien@lathropgage.com

-and-

Roger B. Cowie (*pro hac vice pending*)
Carl C. Scherz (*pro hac vice pending*)
Taylor F. Brinkman (*pro hac vice pending*)
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
T: (214) 740-8000
F: (214) 740-8800
rcowie@lockelord.com
cscherz@lockelord.com
tbrinkman@lockelord.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day April, 2017, a copy of the above pleading was served via the District Court ECM/ECF system, and by Email and regular U.S. mail, postage prepaid, on the following counsel of record:

| | |
|---|---|
| Patrick J. Stueve | John J. Schirger |
| Norman E. Siegel | Matthew W. Lytle |
| Lindsay T. Perkins | Joseph M. Feierabend |
| STUEVE SIEGEL HANSON LLP | MILLER SCHIRGER, LLC |
| 460 Nichols Road, Suite 200 | 4520 Main Street, Suite 1570 |
| Kansas City, Missouri 64112 | Kansas City, Missouri 64111 |
| stueve@stuevesiegel.com | jschirger@millerschirger.com |
| siegel@stuevesiegel.com | mlytle@millerschirger.com |
| perkins@stuevesiegel.com | jfeierabend@millerschirger.com |

/s/ *Richard N. Bien*
An Attorney for Defendants

**NOTICE OF REMOVAL - Page 9 of 9**